ORIGINAL

BY FAX

1  Scott R. Raber (CA State Bar No. 194924)
   RIMON P.C.
2  220 Sansome Street
   Suite 310
3  San Francisco, California 94104
4  Phone:      (415) 683-5472
   Facsimile:  (800) 930-7271
5  Email:      scott.raber@rimonlaw.com

6  Karen H. Bromberg (*pro hac vice application being filed*)
   Francisco A. Villegas (CA State Bar No. 206997)
7  Damir Cefo (*pro hac vice application being filed*)
   COHEN & GRESSER LLP
8  800 Third Avenue, 21st Floor
9  New York, New York 10022
   Phone:      (212) 957-7600
10 Facsimile:  (212) 957-4514
   Email:      kbromberg@cohengresser.com
11             fvillegas@cohengresser.com
12             dcefo@cohengresser.com

13 Attorneys for Plaintiff
   Emblaze Ltd.
14

15          UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17 EMBLAZE LTD.,                        Case No. 12 5422

18              Plaintiff,
                                        **COMPLAINT FOR PATENT
19          – against –                 INFRINGEMENT**
                                        (Trial by Jury Demanded)
20 MICROSOFT CORPORATION,

21              Defendant.

22

23          Plaintiff Emblaze Ltd. ("Emblaze" or "Plaintiff"), by way of its Complaint against

24 Microsoft Corporation ("Microsoft" or "Defendant"), hereby alleges with knowledge with

25 respect to its own acts and upon information and belief with respect to all others:

26 \\\

27 \\\

28 \\\

1

COMPLAINT FOR PATENT INFRINGEMENT                          Case No. _____

**NATURE OF THE ACTION**

1.    This is an action brought against Defendant Microsoft for infringement of United States Patent No. 6,389,473 (the "'473 Patent"), which is directed to technology used for real-time broadcasting over a network, such as the Internet.

**PARTIES**

2.    Emblaze is an Israeli corporation doing business world-wide in the development and marketing of innovative high-tech technologies and products. Emblaze's main offices are located at 9 Hamenofim Street, Herzliya Pituach 46725, Israel.

3.    Emblaze is a publicly held company with shares registered and traded on the London Stock Exchange since 1996.

4.    Microsoft is a corporation organized and existing under the laws of the State of Washington, doing business world-wide, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

**JURISDICTION AND VENUE**

5.    This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, et seq., and in particular § 271.

6.    This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

7.    This Court has personal jurisdiction over Microsoft because Microsoft regularly conducts and solicits business in California and derives substantial revenue from goods used or services rendered in California and within this judicial district.

8.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Microsoft resides in this judicial district pursuant to 28 U.S.C. § 1391(c) and because it has committed acts of infringement in this judicial district.

**INTRADISTRICT ASSIGNMENT**

9.    Because this case is an Intellectual Property Action, it is not subject to assignment to a particular location or division of the Court under Local Rule 3-2(c).

\\\

2

COMPLAINT FOR PATENT INFRINGEMENT         Case No. _____

1                                  **FACTUAL BACKGROUND**

2    *Emblaze and its Patents*

3         10.     Emblaze is the owner of the '473 Patent.  A true and correct copy of the '473

4 Patent is attached hereto as Exhibit A.

5         11.     The '473 Patent claims methods for real-time broadcasting over a network,

6 such as the Internet.

7         12.     Emblaze developed the technology described and claimed in the '473 Patent

8 and has used this technology in its products.

9         13.     Emblaze first unveiled the technology described in the '473 Patent in a live

10 video streaming broadcast of the 1998 White House's annual Easter Egg Roll.  Emblaze's live

11 streaming technology allows broadcasting of live audio and video to multiple devices, saves

12 on data traffic, does not require devoted streaming servers, and allows reliable streaming even

13 through firewalls.

14         14.     The '473 Patent is valid and enforceable.

15         15.     Emblaze is the assignee and owner of the right, title, and interest in and to the

16 '473 Patent, including the right to assert all causes of action arising under said patent and the

17 right to any remedies for infringement of it.

18    *Defendant's Infringement of the '473 Patent*

19         16.     Microsoft is infringing the '473 Patent under at least 35 U.S.C. §§ 271(a)

20 and (b).

21         17.     Without license or authorization, Microsoft is and has been directly infringing

22 the '473 Patent in the United States, including in this district, by making, using, selling, and/or

23 offering for sale in the United States, including within this judicial district, products that

24 embody the inventions claimed in the '473 Patent and that allow end user devices, for

25 example, Xbox 360 and devices running on Microsoft's Windows 7 and Windows Phone 7.0

26 Operating Systems, to view live smooth streaming multimedia content.  Among such

27 infringing products (collectively, "Infringing Systems") are one or more of the following:

28 \\\

COMPLAINT FOR PATENT INFRINGEMENT          Case No. _____

a.   Computers equipped with Microsoft's Internet Information Server (IIS) 7.0 (and later) and IIS Media Services 3.0 (and later)[1] (collectively, "IIS Computers");

b.   Microsoft's Windows Azure servers equipped with IIS 7.0 (and later) and Windows Azure Media Services[2] (collectively, "Windows Azure Servers");

c.   Devices equipped with web browsers enabled with Silverlight 2.0 (and later) that can play live smooth streaming multimedia content from IIS Computers and/or Windows Azure Servers; and

d.   Devices that use Microsoft Media Platform: Player Framework (MMPPF)[3] applications to play live smooth streaming multimedia content from IIS Computers and/or Windows Azure Servers.

18.   Without license or authorization, Microsoft is and has been directly infringing the '473 Patent in the United States, including in this district by performing services that use one or more of the Infringing Systems (collectively, the "Infringing Services").

19.   The risk that Microsoft's actions constituted infringement of a valid patent was either known or so obvious that it should have been known to Microsoft, for at least the following reasons:

a.   On August 5, 2008, Emblaze offered Microsoft a license for the use of the '473 Patent, *inter alia*, and Microsoft has had knowledge of the '473 Patent at least since that date;

b.   Nevertheless, in 2009, Microsoft announced its live smooth streaming application;

---

[1] IIS Computers may also work in combination with servers equipped with IIS Application Request Routing 1.0 (and later) or IIS Smooth Streaming Client 1.5 (and later) to facilitate streaming of live content in multiple formats such as, for exemplary purposes only, smooth streaming format for Microsoft Silverlight clients and Apple HTTP Live Streaming ("HLS") format for Apple devices.

[2] Windows Azure Servers may also work in combination with servers equipped with IIS Application Request Routing 2.0 (and later) or IIS Smooth Streaming Client 1.5 (and later) to facilitate streaming of live content in multiple formats such as, for exemplary purposes only, smooth streaming format for Microsoft Silverlight clients and Apple HTTP Live Streaming ("HLS") format for Apple devices.

[3] Such devices include, for exemplary purposes only, devices running the Windows 8 Operating System and Windows Phone 7.0 (and later) Operating System, and the Xbox 360.

4

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. _____

c.   In a February 4, 2010, letter, Emblaze again informed Microsoft of the '473 Patent, asserted that Microsoft infringed the '473 patent with its live smooth streaming application, and again offered to license the '473 Patent;

d.   Discussions with Microsoft regarding a possible license agreement have failed, and to date, Microsoft has declined to take a license under the '473 Patent;

e.   Microsoft further introduced other Infringing Systems and Infringing Services (*e.g.*, Windows Azure Servers in 2012) after Microsoft had knowledge of the '473 Patent; and

f.   Microsoft has continued making, using, selling, and/or offering for sale in the United States the Infringing Systems and Infringing Services despite an objectively high likelihood that its actions constituted infringement of a valid patent in light of, among other things, Emblaze's letter of February 4, 2010, and subsequent discussions regarding the '473 Patent.

20.   Microsoft is liable for indirect infringement under 35 U.S.C. § 271(b) because it has knowingly induced the direct infringement of one or more of the claims of the '473 Patent by third parties, including, for example, content delivery network providers, content providers, and/or end users ("Third Party Infringers").

21.   Third Party Infringers directly infringe the '473 Patent in the United States by making, using, selling, and/or offering for sale in the United States, the Infringing Systems and performing the Infringing Services.

22.   Microsoft has taken active steps to induce Third Party Infringers to engage in direct infringement of the '473 Patent. For example, Microsoft provides to Third Party Infringers instructions and support, including without limitation technical overviews, deployment guides, websites, monitored online fora, and blogs regarding the Infringing Systems and Infringing Services and their implementation.

5

23.   Microsoft possessed specific intent to induce infringement of the method and system claims of the '473 Patent by Third Party Infringers:

    a.   Microsoft had knowledge of the '473 Patent since at least August 5, 2008, as identified in paragraph 19(a);

    b.   In 2009, Microsoft announced its live smooth streaming application;

    c.   In a February 4, 2010, letter, Emblaze again informed Microsoft of the '473 Patent, asserted that Microsoft infringed the '473 Patent with its live smooth streaming application, and again offered to license the '473 Patent;

    d.   Discussions with Microsoft regarding a possible license agreement have failed, and to date, Microsoft has declined to take a license under the '473 Patent;

    e.   Microsoft knew or should have known that making, using, selling, and/or offering for sale in the United States the Infringing Systems and Infringing Services, would infringe the '473 Patent based on, among other things, Emblaze's February 4, 2010, letter and subsequent conversations between the parties;

    f.   In the alternative, Microsoft has taken the active steps described above with at least willful blindness that Third Party Infringers infringe the inventions claimed in the '473 Patent; and

    g.   Microsoft has knowingly taken active steps to induce Third Party Infringers to engage in direct infringement of the '473 Patent and has done so with an affirmative intent to cause such direct infringement and/or with purposeful, culpable expression and conduct to encourage such direct infringement. Microsoft's specific intent to induce infringement is evidenced by, among other things, Microsoft's providing of instructions to Third Party Infringers knowing that its acts would induce Third Party Infringers to directly infringe the '473 Patent.

6

1

## CLAIMS FOR RELIEF

2

### Patent Infringement

3      24.     Emblaze repeats and re-alleges paragraphs 1-23 as if fully set forth herein.

4      25.     Microsoft, through the Infringing Systems and Infringing Services, has been

5    and still is infringing the '473 Patent, literally or under the doctrine of equivalents, by making,

6    using, offering to sell, and selling the invention of one or more claims of the '473 Patent,

7    including at least Claims 1 and 25 of the '473 patent, in violation of 35 U.S.C. § 271.

8      26.     Upon information and belief, the acts of infringement by Microsoft are willful,

9    intentional and in conscious disregard of Emblaze's rights under the '473 Patent.

10     27.     As a result of Microsoft's infringement of the claims of the '473 Patent,

11   Microsoft has made and will continue to make unlawful gains and profits, and Emblaze has

12   been and will continue to be deprived of revenues that it would otherwise have generated but

13   for such infringement.

14     28.     As a direct and proximate result of Microsoft's acts of infringement, Microsoft

15   has made and will continue to make unlawful gains and profits, and Emblaze has been, is

16   being, and will be damaged.  Consequently, Emblaze is entitled to compensation for its

17   damages from Microsoft under 35 U.S.C. § 284 in an amount that cannot presently be

18   quantified but will be ascertained through discovery or at trial.

19     29.     Emblaze believes that Microsoft will continue to infringe the '473 Patent unless

20   enjoined by this court.  Such infringing activity causes Emblaze irreparable harm and will

21   continue to cause such harm without the issuance of an injunction.

22     30.     The extent of Emblaze's damages cannot be determined except by an

23   accounting.

24

### DEMAND FOR JURY TRIAL

25     31.     Emblaze hereby demands a jury trial on all issues so triable.

26

### PRAYER FOR RELIEF

27      WHEREFORE, Emblaze respectfully asks the Court for the following relief:

28          (i)      A judgment declaring that Microsoft has infringed the '473 Patent;

7

COMPLAINT FOR PATENT INFRINGEMENT                                      Case No. _____

(ii)    A judgment that permanently enjoins Microsoft from further activity or conduct that infringes the claims of the '473 Patent;

(iii)   A judgment awarding Emblaze damages under 35 U.S.C. § 284, but not less than a reasonable royalty, resulting from Microsoft's infringement;

(iv)    A judgment that Microsoft's acts of infringement have been in willful, knowing, and deliberate disregard of Emblaze's patent rights, and awarding Emblaze enhanced damages pursuant to 35 U.S.C. § 284;

(v)     A judgment awarding Emblaze its costs, disbursements, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284 and 285;

(vi)    A judgment awarding Emblaze supplemental damages for any continuing infringement up until entry of the final judgment, with an accounting as needed;

(vii)   A judgment awarding Emblaze pre-judgment and post-judgment interest on any damages awarded; and

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

8

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. _____

1   (viii)   Such other and further relief as the Court deems just and equitable.

2   DATED: October 18, 2012                    RIMON P.C.

3

4   Scott R. Raber (CA State Bar No. 194924)
    220 Sansome Street
5   Suite 310
    San Francisco, California 94104
6   Phone:        (415) 683-5472
    Facsimile:    (800) 930-7271
7   Email:        scott.raber@rimonlaw.com

8   COHEN & GRESSER LLP
9   Karen H. Bromberg (*pro hac vice application being
    filed*)
10  Francisco A. Villegas (CA State Bar No. 206997)
    Damir Cefo (*pro hac vice application being filed*)
11  800 Third Avenue, 21st Floor
    New York, New York  10022
12  Phone:        (212) 957-7600
13  Facsimile:    (212) 957-4514
    Email:        kbromberg@cohengresser.com
14                fvillegas@cohengresser.com
                  dcefo@cohengresser.com
15

16  Attorneys for Plaintiff
    Emblaze Ltd.
17

18

19

20

21

22

23

24

25

26

27

28

9

COMPLAINT FOR PATENT INFRINGEMENT                    Case No. _____