1  Eric L. Wesenberg, CA Bar No. 139696
   EWesenberg@perkinscoie.com
2  Christopher L. Kelley, CA Bar No. 166608
   CKelley@perkinscoie.com
3  Kenneth J. Halpern, CA Bar No. 187663
   KHalpern@perkinscoie.com
4  PERKINS COIE LLP
   3150 Porter Drive
5  Palo Alto, CA 94304-1212
   Telephone:  650.838.4300
6  Facsimile:  650.838.4350

7  *Attorneys for Defendant*
   *Microsoft Corporation*

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  EMBLAZE LTD.,                    Case No. 3:12-cv-5422-YGR

13              Plaintiff,           **MICROSOFT CORPORATION'S
                                     ANSWER AND COUNTERCLAIMS TO
14       v.                          EMBLAZE LTD.'S COMPLAINT FOR
                                     PATENT INFRINGEMENT**
15  MICROSOFT CORPORATION,
                                     **DEMAND FOR JURY TRIAL**
16              Defendant.

17

18       Defendant Microsoft Corporation ("Microsoft") responds to the Complaint for Patent

19  Infringement ("Complaint") filed by Plaintiff Emblaze Ltd. ("Emblaze"), as follows:

20                        <u>**ORIGINAL COMPLAINT**</u>

21                        **NATURE OF THE ACTION**

22       1.       Microsoft admits that Plaintiff contends that Microsoft infringes United States

23  Patent No. 6,389,473 ("the '473 patent").  Microsoft admits that Plaintiff characterizes the '473

24  patent as directed to technology used for real-time broadcasting over a network, such as the

25  Internet.  Microsoft denies that it has committed any act of infringement.  Microsoft denies that

26  the '473 patent enables any network broadcasting system.  Microsoft is without knowledge or

27  information sufficient to form a belief as to the truth of the other allegations of Paragraph 1 and

28  on that basis denies them.

**THE PARTIES**

2.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis denies them.

3.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies them.

4.     Microsoft admits that it is incorporated under the laws of the State of Washington with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052.  Microsoft cannot ascertain from this pleading the meaning of "world-wide" and on that basis denies this allegation.

**JURISDICTION AND VENUE**

5.     Microsoft admits that Plaintiff alleges patent infringement under 35 U.S.C. §§ 100, et seq., and, in particular 35 U.S.C. § 271, but denies that any grounds exist for Emblaze's claims under these laws.

6.     Microsoft admits that this Court has subject matter jurisdiction over patent law claims under 28 U.S.C. § 1338(a).

7.     Microsoft does not contest personal jurisdiction for purposes of this action only.

8.     Microsoft does not contest venue in this district for purposes of this action only, but specifically denies that this venue is the most convenient venue for this action.  Microsoft denies that it has committed any act of infringement in this judicial district.

**INTRA-DISTRICT ASSIGNMENT**

9.     Microsoft admits that this case is an Intellectual Property Action and is, therefore, not subject to assignment to a particular location or division under Local Rule 3-2(c).

**FACTUAL BACKGROUND**

*Emblaze and its Patents*

10.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies them.

11.     Paragraph 11 of the Complaint contains Emblaze's characterizations of the subject matter of the claims of the '473 patent to which no response is required.  To the extent any

MICROSOFT'S ANSWER & COUNTERCLAIMS TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

1  response is required, Microsoft is without knowledge or information sufficient to form a belief as

2  to the truth of the allegations of Paragraph 11 and on that basis denies them.

3     12.     Microsoft is without knowledge or information sufficient to form a belief as to the

4  truth of the allegations of Paragraph 12 and on that basis denies them.

5     13.     Microsoft is without knowledge or information sufficient to form a belief as to the

6  truth of the allegations of Paragraph 13 and on that basis denies them.

7     14.     Microsoft denies that the '473 patent is valid and enforceable.

8     15.     Microsoft is without knowledge or information sufficient to form a belief as to the

9  truth of the allegations of Paragraph 15 and on that basis denies them.

10  ***Microsoft's Alleged Infringement of the '473 Patent***

11     16.     Microsoft denies that it has committed any act of infringement.

12     17.     Microsoft denies that it has committed any act of infringement.

13     18.     Microsoft denies that it is or has been directly infringing the '473 patent in the

14  United States by performing services that use any system that embodies any of the inventions

15  claimed in the '473 patent.

16     19.     Microsoft denies that the '473 patent is a valid patent.  Microsoft further denies

17  that it has committed any act of infringement or that it knew or should have known that its actions

18  infringed any valid claims of the '473 patent.

19     a.  There is no evidence that Emblaze offered to license the '473 patent on or

20        about August 5, 2008, and on that basis Microsoft denies the allegations of

21        subparagraph 19(a).

22     b.  Microsoft denies that IIS Smooth Streaming was announced in 2009;

23        Microsoft announced IIS Smooth Streaming on October 28, 2008.

24     c.  Microsoft admits that, in a letter dated February 4, 2010, counsel for

25        Emblaze expressed an "opinion that Microsoft's IIS Smooth Streaming

26        application reads on one or more claims of [the '473 patent]."  Microsoft

27        denies that Emblaze offered to license the '473 patent in that letter.

28        Microsoft denies the remaining allegations of subparagraph 19(c).

-3-    MICROSOFT'S ANSWER & COUNTERCLAIMS
       TO EMBLAZE'S COMPLAINT
       CASE NO. 3:12-cv-5422-YGR

          d.    Microsoft denies that Emblaze has offered to license the '473 patent or that Microsoft has specifically declined any such offer.  Emblaze called off potential licensing discussions on June 27, 2011.  Microsoft denies the remaining allegations of subparagraph 19(d).

          e.    Microsoft admits that Windows Azure Media Services was introduced in 2012.  Microsoft denies that any of its products or services infringe any valid claim of the '473 patent.

          f.    Microsoft denies that any of its actions constituted infringement of any valid claim of the '473 patent or that there is or was an objectively high likelihood that its actions constituted such infringement.

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 19 and on that basis denies them.

20.     Microsoft denies that it has knowingly induced the direct infringement of any claim of the '473 patent by third parties.

21.     Microsoft denies that the products and services that it offers infringe the '473 patent.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis denies them.

22.     Microsoft denies that the products and services that it offers infringe the '473 patent.  Microsoft denies that it has taken any active steps to induce the direct infringement of any of the claim of the '473 patent by third parties.

23.     Microsoft denies that the products and services that it offers infringe the '473 patent.  Microsoft denies that it has induced any third party to engage in direct infringement of any claims of the '473 patent, that it has possessed specific intent to so induce, or that it has acted with willful blindness that third parties would infringe any claims of the '473 Patent.

          a.    For the reasons set forth in subparagraph 19(a) of this response, Microsoft denies that it has had knowledge of the '473 patent since August 5, 2008.

          b.    As explained in subparagraph 19(b) of this response, Microsoft denies that IIS Smooth Streaming was announced in 2009.

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        c.  Microsoft admits that, in a letter dated February 4, 2010, counsel for Emblaze expressed an "opinion that Microsoft's IIS Smooth Streaming application reads on one or more claims of [the '473 patent]," but Microsoft denies that Emblaze offered to license the '473 patent in that letter.  Microsoft denies the remaining allegations of subparagraph 23(c).

        d.  Microsoft denies that Emblaze has offered to license the '473 patent or that Microsoft has specifically declined any such offer.  Emblaze called off potential licensing discussions on June 27, 2011.  Microsoft denies the remaining allegations of subparagraph 23(d).

        e.  Microsoft denies that any of its actions infringed any valid claim of the '473 patent or that it knew or should have known that any of its actions would so infringe.

        f.  Microsoft denies that it has taken active steps with at least willful blindness that third parties would infringe any valid claim of the '473 patent.

        g.  Microsoft denies that it has knowingly taken active steps to induce the direct infringement of any of the claim of the '473 patent by third parties.  Microsoft further denies that it has acted with affirmative intent to cause such direct infringement and/or with purposeful, culpable expression and conduct to encourage such direct infringement.

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 23 and on that basis denies them.

**CLAIMS FOR RELIEF**

**Alleged Patent Infringement**

24.    Microsoft repeats and incorporates by reference its responses in Paragraphs 1–23 above as though fully set forth herein.

25.    Microsoft denies the allegations of Paragraph 25.

26.    Microsoft denies the allegations of Paragraph 26.

27.    Microsoft denies the allegations of Paragraph 27.

-5-

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

28.     Microsoft denies the allegations of Paragraph 28.

29.     Microsoft denies the allegations of Paragraph 29.

30.     Microsoft denies that Emblaze has suffered any damages for which Microsoft would be liable.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the other allegations of Paragraph 30 and on that basis denies them

**DEMAND FOR JURY TRIAL**

31.     Microsoft requests a jury trial on all issues triable by a jury.

**RELIEF**

Microsoft denies that Emblaze is entitled to any of the grounds for relief enumerated in its Complaint and respectfully requests that the Court enter judgment against Emblaze on all of Emblaze's claims.

**MICROSOFT'S AFFIRMATIVE AND OTHER DEFENSES**

In further response to the Complaint, and without conceding or assuming that Microsoft bears the burden of proof on such issues, Microsoft alleges the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

**First Defense**

A.     On information and belief, a reasonable opportunity for discovery will establish that each claim of the '473 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Second Defense**

B.     Microsoft does not and has not infringed—directly, indirectly, contributorily, or otherwise—any valid claim of the '473 patent, nor has it induced infringement of any kind, either literally or under the doctrine of equivalents.

**Third Defense**

C.     Emblaze fails to state any claim for direct or indirect infringement against Microsoft upon which relief may be granted.

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

**Fourth Defense**

D.      On information and belief, a reasonable opportunity for discovery will establish that Emblaze is barred in whole or in part under principles of equity, including waiver, estoppel, unclean hands, and/or laches.

**Fifth Defense**

E.      On information and belief, a reasonable opportunity for discovery will establish that Emblaze's claims for damages are barred in whole or in part by the doctrine of patent exhaustion.

**Sixth Defense**

F.      Emblaze is not entitled to injunctive relief because any alleged remedy is not immediate or irreparable.  To the extent Emblaze proves that it would be entitled to any relief, it would have an adequate remedy at law.  Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

Microsoft's investigation of the claims and its defenses is ongoing.  In addition to the defenses set forth herein, Microsoft expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case.

**COUNTERCLAIMS**

Microsoft states the following as its Counterclaims against Emblaze.

**THE PARTIES**

1.      Counterclaimant Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.

2.      Counterclaim defendant Emblaze has alleged that it is an Israeli corporation doing business worldwide with its principal place of business located in Herzliya Pituach, Israel.

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

**JURISDICTION AND VENUE**

3.      Subject to Microsoft's defenses and denials stated above, this Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      This Court has personal jurisdiction over Emblaze because, among other things, Emblaze has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this judicial district through filing suit in this district.

5.      Subject to Microsoft's defenses and denials stated above, venue for these Counterclaims is proper in this judicial district because Emblaze has consented to this venue through filing a claim for patent infringement against Microsoft in this judicial district, in response to which these Counterclaims are being asserted.

**FIRST COUNTERCLAIM**

**Declaratory Judgment of Invalidity of the '473 Patent**

6.      Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-5 of its Counterclaims and all of its Affirmative and Other Defenses above as though fully set forth herein.

7.      On information and belief, a reasonable opportunity for discovery will establish that each claim of the '473 patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

8.      Emblaze has filed an infringement action in this Court to enforce the '473 patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of Emblaze's patent rights, including any valid claim of the '473 patent.  Therefore, an actual and justiciable controversy exists between Emblaze and Microsoft.

9.      Microsoft seeks and is entitled to a declaratory judgment that the claims of the '473 patent asserted against Microsoft are invalid.

1      10.     Absent a declaration and order as sought by Microsoft, Emblaze will continue to

2 wrongfully assert that Microsoft has infringed Emblaze's patent rights, thereby causing Microsoft

3 irreparable injury and damage.

4      11.     This is an exceptional case entitling Microsoft to an award of its attorneys' fees

5 incurred in connection with this action under 35 U.S.C. § 285.

6<br>**SECOND COUNTERCLAIM**

7<br>**Declaratory Judgment of Non-infringement of the '473 Patent**

8      12.     Microsoft realleges and incorporates by reference the allegations in Paragraphs

9 1-11 of its Counterclaim and all of its Affirmative and Other Defenses above as though fully set

10 forth herein.

11     13.     Microsoft has not directly or indirectly infringed, nor is it presently directly or

12 indirectly infringing, any of Emblaze's patent rights, including any valid claim of the '473 patent.

13     14.     Emblaze has filed an infringement action in this Court to enforce the '473 patent

14 against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of

15 Emblaze's patent rights, including any valid claim of the '473 patent.  Therefore, an actual and

16 justiciable controversy exists between Emblaze and Microsoft.

17     15.     Microsoft seeks and is entitled to a declaratory judgment that it has not directly or

18 indirectly infringed, nor is it presently directly or indirectly infringing, any of Emblaze's patent

19 rights, including any valid claim of the '473 patent.

20     16.     Absent a declaration and order as sought by Microsoft, Emblaze will continue to

21 wrongfully assert that Microsoft has infringed Emblaze's patent rights, thereby causing Microsoft

22 irreparable injury and damage.

23     17.     This is an exceptional case entitling Microsoft to an award of its attorneys' fees

24 incurred in connection with this action under 35 U.S.C. § 285.

25<br>**MICROSOFT'S REQUEST FOR RELIEF**

26 Microsoft respectfully requests that this Court:

27     A.     Dismiss with prejudice Emblaze's Complaint against Microsoft in its entirety;

28     B.     Deny any and all relief sought by Emblaze;

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

1    C.    Declare that the claims of the '473 patent are invalid;

2    D.    Declare that Microsoft has not infringed any of Emblaze's patent rights and is not

3 directly or indirectly infringing any valid claim of the '473 patent;

4    E.    Declare this to be an exceptional case under 35 U.S.C. § 285 and award Microsoft

5 its attorneys' fees;

6    F.    Award Microsoft its costs of this action; and

7    G.    Award Microsoft whatever further relief the Court deems just and proper.

8 DATED:  December 31, 2012

9                                                  By:    /s/ Eric L. Wesenberg

10                                                        Eric L. Wesenberg
                                                          EWesenberg@perkinscoie.com
11                                                        Christopher L. Kelley
                                                          CKelley@perkinscoie.com
12                                                        Kenneth J. Halpern
                                                          KHalpern@perkinscoie.com
13                                                        PERKINS COIE LLP

14                                                        Attorneys for Defendant
15                                                        Microsoft Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

MICROSOFT'S ANSWER & COUNTERCLAIMS
TO EMBLAZE'S COMPLAINT
CASE NO. 3:12-cv-5422-YGR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Civil L.R. 5-1(h)(1) on December 31, 2012.  Any other counsel of record will be served via facsimile or electronic mail pursuant to Civil L.R. 5-1(h)(2).

*/s/ Eric L. Wesenberg*
Eric L. Wesenberg