1  Scott R. Raber (CA State Bar No. 194924)
   RIMON P.C.
2  One Embarcadero Center
   Suite 400
3  San Francisco, California 94111
   Phone:          (415) 683-5472
4  Facsimile:      (800) 930-7271
   Email:          scott.raber@rimonlaw.com
5
6  Alexandra Wald (*admitted pro hac vice*)
   Francisco A. Villegas (CA State Bar No. 206997)
7  Damir Cefo (*admitted pro hac vice*)
   COHEN & GRESSER LLP
8  800 Third Avenue, 21st Floor
   New York, New York  10022
9  Phone:          (212) 957-7600
10 Facsimile:      (212) 957-4514
   Email:          awald@cohengresser.com
11                 fvillegas@cohengresser.com
                   dcefo@cohengresser.com
12
13 Attorneys for Plaintiff
   Emblaze Ltd.
14
15                    UNITED STATES DISTRICT COURT

16              FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                          OAKLAND DIVISION

18 EMBLAZE LTD.,

19                    Plaintiff,                 **Case No. 4:12-cv-5422-YGR**

20       – against –                             **EMBLAZE LTD.'S ANSWER TO
                                                 MICROSOFT CORPORATION'S
21 MICROSOFT CORPORATION,                        COUNTERCLAIMS**

22                    Defendant.

23

24       Plaintiff and Counterclaim-Defendant Emblaze Ltd. ("Emblaze"), by and through its

25 undersigned counsel, as and for its Answer to the Counterclaims of Defendant and

26 Counterclaim-Plaintiff Microsoft Corporation ("Microsoft"), states as follows:

27                              **PARTIES**

28       1.       Admits.

1       2.      Admits.

2

## JURISDICTION AND VENUE

3       3.      States that Paragraph 3 sets forth a legal conclusion as to which no response is required.

4.      Admits that Emblaze has filed suit in this judicial district, and states that the remaining allegations of Paragraph 4 set forth a legal conclusion as to which no response is required.

5.      Admits that Emblaze has filed suit in this judicial district, and states that the remaining allegations of Paragraph 5 set forth a legal conclusion as to which no response is required.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Invalidity of the '473 Patent

6.      Emblaze incorporates by reference its responses to Paragraphs 1-5 as if fully set forth herein.

7.      Denies the factual allegations of Paragraph 7, if any, and states that the remaining allegations of Paragraph 7 set forth a legal conclusion as to which no response is required.

8.      Admits that Emblaze has filed an infringement action in this Court to enforce the '473 Patent against Microsoft, refers to Microsoft's Answer for a true and complete copy of its contents, and states that the remaining allegations of Paragraph 8 set forth a legal conclusion as to which no response is required.

9.      Denies the factual allegations of Paragraph 9, if any, refers to Microsoft's Answer for a true and complete copy of its contents and states that the remaining allegations of Paragraph 9 set forth a legal conclusion as to which no response is required.

10.      Denies the factual allegations of Paragraph 10, refers to Microsoft's Answer for a true and complete copy of its contents and states that the remaining allegations of Paragraph 10 set forth a legal conclusion as to which no response is required.

11.      Denies the factual allegations of Paragraph 11, if any, and states that the remaining allegations of Paragraph 11 set forth a legal conclusion as to which no response is required.

### SECOND COUNTERCLAIM

**Declaratory Judgment of Non-infringement of the '473 Patent**

12.      Emblaze incorporates by reference its responses to Paragraphs 1-11 as if fully set forth herein.

13.      Denies the factual allegations of Paragraph 13, if any, and states that the remaining allegations of Paragraph 13 set forth a legal conclusion as to which no response is required.

14.      Admits that Emblaze has filed an infringement action in this Court, denies the remaining factual allegations of Paragraph 14, if any, refers to Microsoft's Answer for a true and complete copy of its contents and states that the remaining allegations of Paragraph 14 set forth a legal conclusion as to which no response is required.

15.      Denies the factual allegations of Paragraph 15, if any, refers to Microsoft's Answer for a true and complete copy of its contents and states that the remaining allegations of Paragraph 15 set forth a legal conclusion as to which no response is required.

16.      Denies the factual allegations of Paragraph 16, refers to Microsoft's Answer for a true and complete copy of its contents and states that the remaining allegations of Paragraph 16 set forth a legal conclusion as to which no response is required.

17.      Denies the factual allegations of Paragraph 17, if any, and states that the remaining allegations of Paragraph 17 set forth a legal conclusion as to which no response is required.

### MICROSOFT'S REQUEST FOR RELIEF

Emblaze denies that Microsoft is entitled to any relief from this Court, either as requested in its Counterclaims or otherwise.

1

## **EMBLAZE'S AFFIRMATIVE DEFENSES**

2      Emblaze asserts the following defenses and reserves the right to amend its Answer as

3   new information becomes available.  The listing of any defense below shall not be construed

4   as an admission that Emblaze bears the burden of proof as to such defense:

5

### **First Defense**

6      Microsoft fails to state any claim against Emblaze upon which relief may be granted.

7

### **Second Defense**

8      Microsoft's invalidity defense fails to provide Emblaze with adequate notice of

9   Microsoft's purported claims pursuant to Fed. R. Civ. P. 8, including, without limitation, by

10   failing to identify either any specific requirement of patentability or any factual basis for any

11   claim that such requirement has not been met, or the factual basis for any claim of purported

12   invalidity.

13

## **PRAYER FOR RELIEF**

14      WHEREFORE, Emblaze respectfully asks the Court for the following relief:

15              (i)     Judgment in favor of Emblaze;

16              (ii)    Judgment dismissing with prejudice Microsoft's Counterclaims against

17                      Emblaze in their entirety;

18              (iii)   Such other and further relief as the Court deems just and equitable.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    DATED: January 22, 2013       RIMON, P.C.

2

_____*/s/ Scott R. Raber*_____

3                                     Scott R. Raber (CA State Bar No. 194924)
RIMON P.C.

4                                     One Embarcadero Center
Suite 400

5                                     San Francisco, California 94111
Phone:       (415) 683-5472

6                                     Facsimile:    (800) 930-7271
Email: scott.raber@rimonlaw.com

7

8                                     COHEN & GRESSER LLP
Alexandra Wald (*admitted pro hac vice*)

9                                     Francisco A. Villegas (CA State Bar No. 206997)
Damir Cefo (*admitted pro hac vice*)

10                                   800 Third Avenue, 21st Floor
New York, New York  10022

11                                   Phone:        (212) 957-7600

12                                   Facsimile:    (212) 957-4514
Email:         awald@cohengresser.com

13                                                     fvillegas@cohengresser.com
dcefo@cohengresser.com

14

15                                   *Attorneys for Plaintiff*
*Emblaze Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

28

00117393                                         5
EMBLAZE LTD.'S ANSWER TO MICROSOFT CORPORATION'S
COUNTERCLAIMS                                       Case No. 4:12-cv-5422-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Civil L.R. 5-1(h)(1) on January 22, 2013. Any other counsel of record will be served via facsimile or electronic mail pursuant to Civil L. R. 5-1(h)(2).


                */s/ Scott R. Raber*

                Scott R. Raber