Scott R. Raber (SBN 194924)
scott.raber@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Phone: 415.683.5472
Facsimile: 800.930.7271

Alexandra Wald (*admitted pro hac vice*)
awald@cohengresser.com
Francisco A. Villegas (SBN 206997)
fvillegas@cohengresser.com
Damir Cefo (*admitted pro hac vice*)
dcefo@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: 212.957.7600
Facsimile: 212.957.4514

*Attorneys for Plaintiff*
*EMBLAZE LTD.*

Eric L. Wesenberg (SBN 139696)
EWesenberg@perkinscoie.com
Christopher L. Kelley (SBN 166608)
CKelley@perkinscoie.com
Kenneth J. Halpern (SBN 187663)
KHalpern@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Antoine M. McNamara (SBN 261980)
AMcNamara@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendant*
*Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EMBLAZE LTD.,

                    Plaintiff,

          v.

MICROSOFT CORPORATION,

                    Defendant.

Case No. 4:12-cv-5422 YGR

**JOINT CASE MANAGEMENT STATEMENT**

1        Pursuant to Federal Rule of Civil Procedure 26(f)(2), Local Rule 16-9, Patent Local Rule

2  2-1(a), and the Standing Order For All Judges of the Northern District of California, the parties to

3  this action, by their respective counsel, respectfully submit the following Joint Case Management

4  Statement in anticipation of the Initial Scheduling Conference scheduled for February 11, 2013.

5       **1.**      <u>**Jurisdiction and Service:**</u>

6        The basis for the Court's subject matter jurisdiction over Emblaze's claims is

7  28 U.S.C. §§ 1331 and 1338(a) in that this action arises under the patent laws of the United States

8  (35 U.S.C. § 1, *et seq.*).  The basis for the Court's subject matter jurisdiction over Microsoft's

9  counterclaims is 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

10        The parties agree that jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and

11  1338.

12        No issues exist regarding personal jurisdiction or venue.

13        No parties remain to be served in this action.

14       **2.**      <u>**Facts:**</u>

15        Emblaze is an Israeli company engaged in the development and marketing of high-tech

16  technologies and products.  Emblaze is the assignee of U.S. Patent No. 6,389,473 ("the '473

17  Patent"), which issued on May 14, 2002, directed to a method for real-time broadcasting over a

18  network such as the Internet.  Emblaze alleges that Microsoft has and is directly and indirectly

19  infringing the '473 Patent as described in the Complaint For Patent Infringement (D.I. 1).

20        Microsoft alleges that the '473 Patent is invalid and that it has not and does not directly or

21  indirectly infringe any valid claim of the '473 Patent (D.I. 18).

22        Without either party conceding the validity of the other party's positions regarding any

23  issue listed below, the parties anticipate that the principal factual issues set forth in the pleadings

24  will concern patent infringement and patent validity; including facts concerning the development

25  of the '473 Patent; the development and operation of  Microsoft's IIS Smooth Streaming

26  technology and the products that incorporate it; the prosecution of the '473 Patent; the date

27  Microsoft first became aware of the '473 Patent; facts relevant to the prior art at the time of the

28  '473 patent; facts relevant to ascertaining a reasonable royalty; and facts relevant to willfulness.

1   *Microsoft's Position:*

2        Microsoft additionally proposes that a factual issue in dispute will concern Emblaze's

3   investigation of the basis for bringing a patent infringement case against Microsoft.

4   *Emblaze's Position:*

5        Emblaze addresses Microsoft's purported Rule 11 issue set forth herein (which Emblaze

6   does not agree presents any genuine dispute) below.  Emblaze has not been apprised of any other

7   issue regarding Emblaze's investigation.

8        **3.     Legal Issues:**

9   The parties agree that the principal legal issues set forth in the pleadings include:

10       (a)     The proper construction of disputed claim terms in the '473 Patent;

11       (b)     Whether Microsoft has infringed the '473 Patent pursuant to 35 U.S.C. §§ 271
                 (a)-(c);

12

13       (c)     Whether Microsoft is currently infringing the '473 Patent;

14       (d)     Whether the '473 Patent is valid;

15       (e)     If there is infringement of the '473 Patent, whether such infringement was or is
                 willful pursuant to 35 U.S.C. § 284;

16       (f)     If the '473 Patent is infringed and valid, what damages and/or other relief would
                 be appropriate;

17

18       (g)     Whether any party is entitled to attorney's fees under 35 U.S.C. § 285 or costs.

19   *Microsoft's Position:*

20       Microsoft additionally asserts that a legal issue in dispute is whether Emblaze is barred

21   from asserting infringement of the '473 Patent as a result of inequitable conduct.

22   *Emblaze's Position:*

23       Emblaze asserts that Microsoft's Answer filed December 31, 2012 does not contain

24   allegations of inequitable conduct, nor specificity concerning the same, and that Microsoft's time

25   to amend as of right has expired.

26

27

28

4. **Motions:**

(a) **Past Motion Practice:**

Emblaze has filed motions seeking the *pro hac vice* admission of attorneys to the Northern District of California, all of which have been granted by this Court.

(b) **Anticipated Motions:**

Emblaze does not anticipate making any motions at this time, and opposes any intended motion by Microsoft as described in Microsoft's section below.  Although Emblaze has not been supplied with any detail or factual support regarding the substantive basis for such motion, and reserves its right to oppose on substantive grounds if necessary, Emblaze respectfully contends that any such proposed motion is premature given that Microsoft assumes the necessity of a motion based on Infringement Contentions that have not been made.  Emblaze further asserts that Microsoft's requested procedure violates the dictates of Fed. R. Civ. P. 11(c)(2)

Microsoft believes that Emblaze lacks a reasonable basis under Rule 11 to allege infringement of its patent by Microsoft products.  Each of the claims of the '473 patent require an encoder that generates a "sequence of files" and transfers this sequence of files to a server.  Microsoft's products employ a publicly documented protocol that stores and transfers media to the server as a single file.  Microsoft, therefore, requests that the Court allow a motion that Microsoft's accused products do not infringe and that Emblaze lacks sufficient basis under F.R.C.P. Rule 11 to bring the present action.  Microsoft believes the Court can determine from the plain language of the claims and the text of the patent, which explicitly distinguishes a single file from a sequence of files, that use of a single file is not use of a "sequence of files" nor is it equivalent thereto. Microsoft, therefore, proposes that the Court allow it to present a motion to dismiss on this ground on April 24, 2013, four weeks after Emblaze's Infringement Contentions are due. Alternatively, if the Court prefers to construe the phrase "sequence of files" in advance of a motion to dismiss, Microsoft requests that it be allowed to present this motion within 30 days of issuance of the Court's *Markman* opinion.

**5.     Amendment of Pleadings:**

At this time, neither party anticipates adding or dismissing parties, claims or defenses. The parties agree on May 10, 2013 as the deadline for amending the pleadings.

**6.     Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  These efforts shall include:  collecting electronic documents from relevant employee computers and e-mail accounts and storing the information in secured storage for retention during these proceedings; collecting hard copy documents from relevant employees; and instructing relevant employees to retain, and preserve on an ongoing basis, all documents, data, and materials if they concern evidence relevant to the issues in this action.

**7.     Disclosures:**

Both parties have fully and timely complied with the initial disclosure requirements of Fed. R. Civ. P. 26(a).  The parties served their Initial Disclosures under Rule 26(a) on February 1, 2013.  The disclosures included the names and contact information for each individual likely to have discoverable information that Emblaze or Microsoft respectively might use to support its claims and defenses, a description by category and location of documents and things in the possession or control of each party that may be used to support each party's claims or defenses, and whether an insurance contract may be liable to satisfy all or part of a judgment in this action. With respect to damages, Emblaze stated that a computation of Emblaze's damages will require fact and expert discovery.

**8.     Discovery:**

No discovery has yet been taken to date in this case.  Anticipated discovery includes at least written discovery and depositions of fact and expert witnesses on the issues of patent infringement, patent validity, and damages.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:12-cv-5422 YGR

Pursuant to Fed. R. Civ. P. 26(f), the parties propose the following discovery plan:

(a)     Neither party proposes changes to the timing, form, or requirement for disclosures under Rule 26(a).  Both parties served their Initial Disclosures under Rule 26(a) on February 1, 2013.

(b)     Emblaze anticipates that it will require discovery concerning the development, structure, operation, and sales of the products accused of infringement and Microsoft's knowledge of the '473 Patent, as well as additional information related to a reasonable royalty rate of damages (this may include expert discovery). Emblaze further anticipates needing discovery concerning any defenses advanced by Microsoft and/or Microsoft's counterclaim.  Microsoft anticipates that it will require written and deposition discovery related to the '473 Patent, including at least information regarding the '473 prosecution, conception and reduction to practice of the claimed invention, and discovery about Emblaze's internet media streaming products. Microsoft further anticipates that it will pursue discovery of prior art media streaming systems. Microsoft also anticipates that it will seek discovery regarding the nature of Emblaze's pre-filing investigation of the claimed infringement.

(c)     With respect to issues concerning claims of privilege or protection as trial-preparation materials, the parties generally agree that the protections set forth in Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B) concerning the inadvertent disclosure of privileged information are sufficient and anticipate entering into a protective order containing mutually agreeable language.  To the extent that Microsoft intends to rely on the opinion of counsel to rebut a claim of willfulness, the timing set forth in Pat. L.R. 3-7 shall apply.

(d)     The parties request that the Court apply the agreed-to modifications to the Local Patent Rules set forth in paragraph 17.  In addition, each party requests that the Court impose its proposals (also set forth in par. 17) for discovery deadlines other

than those under the Local Patent Rules.  The parties otherwise do not propose any changes to the limitations on discovery imposed under the Federal or Local Rules.

(e)   The parties have been negotiating a Protective Order and a Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation that will be submitted to the Court for approval.  The parties also seek a Scheduling Order from the Court that adopts the proposed schedule below.  Beyond such orders, the parties do not otherwise believe that there are any other orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c) at this time.

Pursuant to Patent Local Rule 2-1(a), the parties have conferred concerning the following topics, and propose the following:

(a)   As detailed in paragraph 17, the parties propose to modify the obligations or deadlines set forth in the Patent Local Rules pursuant to the timetable set forth in paragraph 17.

(b)   The parties are prepared to proceed with the claim construction discovery schedule they propose in paragraph 17.

(c)   With respect to the format of the claim construction hearing, the parties estimate that the hearing will take 1/2 - 1 day.

(d)   With respect to educating the Court on the technology at issue, the parties are prepared to proceed with the tutorial schedule they propose in paragraph 17.

**9.    Class Actions:**

The case is not a class action.

**10.   Related Cases:**

None.

**11.   Relief:**

Emblaze seeks the following relief in this action:  (1) a judgment declaring that Microsoft has infringed the '473 Patent; (2) a judgment that permanently enjoins Microsoft from further activity or conduct that infringes the claims of the '473 Patent; (3) a judgment that Microsoft's acts of infringement have been in willful, knowing, and deliberate disregard of Emblaze's patent

1  rights, and awarding Emblaze enhanced damages pursuant to 35 U.S.C. § 284; (4) a judgment

2  awarding Emblaze its costs, disbursements, and attorneys' fees incurred in prosecuting this action

3  pursuant to 35 U.S.C. §§ 284 and 285; (5) a judgment awarding Emblaze supplemental damages

4  for any continuing infringement up until entry of the final judgment, with an accounting as

5  needed; (6) a judgment awarding Emblaze pre-judgment and post-judgment interest on any

6  damages awarded; and (7) such other and further relief as the Court deems just and equitable.

7  Emblaze has not yet calculated its damages, but intends to seek damages in the form of a

8  reasonable royalty pursuant to 35 U.S.C. § 284.

9       Microsoft seeks the following relief in this action:  (1) a judgment declaring that the '473

10  patent is invalid; (2) a judgment declaring that the '473 patent is unenforceable; (3) a judgment

11  declaring that Microsoft has not infringed any of Emblaze's patent rights and is not directly or

12  indirectly infringing any valid claim of the '473 patent; (4) a judgment that Emblaze lacked a

13  reasonable basis for bringing the present action; (5) a judgment awarding Microsoft its costs and

14  attorneys' fees under 35 U.S.C. § 285; and (6) whatever further relief the Court deems just and

15  proper.

16       **12.    Settlement and ADR:**

17       The parties have engaged in preliminary settlement discussions but were unable to reach

18  an amicable solution.  The parties have decided not to proceed with ADR efforts at this time, but

19  have stipulated to mediation pursuant to ADR L.R. 6 within 60 days after the issuance of a claim

20  construction order (D.I. 27).

21       **13.    Consent to Magistrate Judge For All Purposes:**

22       The parties decline to consent to a Magistrate Judge for all purposes but submit that a

23  Magistrate Judge may be assigned to preside over any discovery disputes that may arise.

24       **14.    Other References:**

25       The parties agree that this case is not suitable for reference to binding arbitration, a special

26  master, or the Judicial Panel on Multidistrict Litigation.

27

28

15.    **Narrowing of Issues:**

*Microsoft's Position***:**

Microsoft believes that the facts of this case make it appropriate to bifurcate discovery on damages until after consideration of liability. Emblaze has identified a wide variety of different software products in its complaint. Many of these products have no direct relationship to the encoder and server devices and functions recited in the '473 patent claims. Because these products are not functionally tied to a specific encoder or server implementation it would be inappropriate to incorporate them in any damages analysis. Microsoft, therefore, believes that the Court should bifurcate discovery and trial of the question of damages until after it has been determined at a liability proceeding which, if any, of the accused products are infringing. There is, in any event, no reason to permit damage discovery prior to completion of the *Markman* process, which will provide substantial clarification as to which, if any, of the presently accused products Emblaze might proceed against. If appropriate, the Court could revisit the question of whether to bifurcate or to allow discovery on damages to proceed at that point in time.

*Emblaze's Position***:**

Emblaze does not believe that, at this time, apart from ongoing negotiations regarding the scope of discovery, there are issues that can be narrowed by agreement or motion, nor does it have any suggestion to expedite the presentation of evidence at trial. Emblaze does not request the bifurcation of any issues, claims or defenses.

Emblaze believes that damages discovery should proceed in tandem with fact discovery, and opposes bifurcation of discovery on damages. Proceeding with discovery in successive phases concerning the same products, as well as holding separate trials, will inevitably cause delay in resolution of the instant case, and fail to promote judicial economy or avoid inconvenience or prejudice to the parties. Emblaze further notes that Microsoft is a sophisticated business entity upon which routine discovery of sales figures, profits and the like should not impose excessive or unusual burden. Emblaze further maintains that all of the Infringing Systems listed in its complaint are relevant to its damages analysis.

**Expedited Schedule**:

The parties believe the case should proceed expeditiously but agree that discovery and claim construction are required prior to dispositive motion practice.

**16.**   **Scheduling:**

The parties propose the following dates:

| Docket Event | Deadline Under Local Patent Rules | Parties' Stipulated Proposal |
|---|---|---|
| Plaintiff's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Disclosures | February 25, 2013 (*See* L.P.R. 3-1; 3-2) | March 27, 2013 |
| Defendants' Invalidity Contentions and Accompanying Invalidity Contentions | April 11, 2013 (*See* L.P.R. 3-3; 3-4) | April 26, 2013 |
| Amendments to Parties' Contentions | If needed. (*See* L.P.R. 3-6) | If needed. |
| Exchange of Proposed Terms for Construction | April 25, 2013 (*See* L.P.R. 4-1) | May 10, 2013 |
| Exchange of Prelim Claim Constructions & Extrinsic Evidence | May 16, 2013 (*See* L.P.R. 4-2) | May 31, 2013 |
| Joint Claim Construction & Prehearing Statement | June 10, 2013 (*See* L.P.R. 4-3) | June 25, 2013 |
| Completion of Claim Construction Discovery | July 10, 2013 (*See* L.P.R. 4-4) | July 25, 2013 |
| Emblaze's Opening CC brief | July 25, 2013 (*See* L.P.R. 4-5(a)) | September 12, 2013 |
| Microsoft's Opposition to CC brief | August 8, 2013 (*See* L.P.R. 4-5(b)) | September 25, 2013 |
| Emblaze's Reply CC brief | August 15, 2013 (*See* L.P.R. 4-5(c)) | October 2, 2013 |
| Tutorial | | October 23, 2013 |
| *Markman* Hearing Set by Court | August 29, 2013, subject to the Court's availability. | October 30, 2013, subject to the Court's availability. |

**Emblaze's Proposal for Other Deadlines:**

| Case Event | Plaintiff's Proposal |
|---|---|
| Document Production Shall Be Substantially Completed | June 25, 2013 |

**Microsoft's Proposal for Other Deadlines:**

| Case Event | Defendant's Proposal |
|---|---|
| Defendant May File A Motion for Summary Judgment of Non Infringement Arising from Claim Construction | April 24, 2013<br>*or*<br>30 days after issuance of the Court's *Markman* order |
| Parties May First Serve Discovery Requests for Material Not Previously Provided Under Patent Local Rules | 60 days after Court's *Markman* Order |

As discussed above, Microsoft does not offer a media encoder that generates and uploads a "sequence of files," as required by the '473 patent. The material that Microsoft will produce pursuant to Patent Local Rule 3-4(a) will describe the operation of the software accused by Emblaze and will demonstrate that Microsoft's products do not infringe because they do not use a sequence of files to encode streaming media content. In section 4(b), above, Microsoft requests that the Court allow a motion establishing that Emblaze has no basis to allege infringement either on April 24 or within 30 days of the Court's *Markman* order. In order to streamline the discovery process and limit the burden on the parties, Microsoft proposes that the Court limit the discovery allowed prior to the *Markman* ruling to the specific exchange of materials and documents identified in the Patent Local Rules. After the *Markman* process is complete if the Court concludes that some or all of the case should proceed, the parties can at that point propose dates for the completion of discovery and trial of the matter.

**<u>Emblaze's Response to Microsoft Proposal for Other Deadlines:</u>**

As set forth in Section 4(b), Emblaze opposes Microsoft's motion described above as both premature and improper. Emblaze proposes that discovery be governed by the Federal Rules of

1  Civil Procedure and the Patent Local Rules, and specifically that full discovery may commence

2  after the parties have conferred as required by Fed. R. Civ. P. Rule 26(f).

3         The parties agree that after the conclusion of the *Markman* Hearing, they will meet and

4  confer to agree upon the scheduling of additional deadlines, if necessary.

5         **17.    Trial:**

6         The case will be tried to a jury. The parties estimate that the expected length of the trial

7  will be five days.

8         **18.    Disclosure of Non-Party Interested Entities or Persons:**

9         Emblaze has filed the "Certification of Interested Entities or Persons" required by Civil

10  Local Rule 3-16. In addition, Emblaze restates and confirms that, other than the named party,

11  there is no entity that has (i) a financial interest (of any kind) in the subject matter in controversy

12  or in a party to the proceeding; or (ii) any other kind of interest that could be substantially

13  affected by the outcome of the proceeding. Microsoft intends to file the "Certification of

14  Interested Entities or Persons" required by the Civil Local Rules. Microsoft states that it knows of

15  no entity other than the named parties with either (i) a financial interesting the subject matter in

16  controversy or in a party to the proceeding, or (ii) any other kind of interest that could be

17  substantially affected by the outcome of the proceeding.

18         **19.    Whether Other Matters May Facilitate the Just, Speedy and Inexpensive**
           **Disposition of This Matter:**
19

20         Neither party believes that there are any other matters at this time that may facilitate the

21  just, speedy and inexpensive disposition of this matter.

22  DATED: February 4, 2013              **RIMON P.C.**

23                                       By:_____/s/ Scott R. Raber_____
                                             Scott R. Raber
24                                       Attorneys for Plaintiff *Emblaze Ltd.*

25
26  DATED: February 4, 2013              **PERKINS COIE** LLP

27                                       By: _____/s/ Eric L. Wesenberg_____
                                             Eric L. Wesenberg
28                                       Attorneys for Defendant *Microsoft Corporation*

1

**CERTIFICATE OF SERVICE**

2

   I hereby certify that on February 4, 2013, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4

Electronic Filing to the CM/EMF registrants for this case.

5

6

*/s/ Eric L. Wesenberg*

Eric L. Wesenberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:12-cv-5422 YGR