UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 3:12-cv-5422-JST <br><br> STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

**1.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.    LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including

the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

b) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: backup media, digital voicemail, instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging, automatically saved versions of documents, product test data and test results, and user or application data associated with use of any software product or prototype including, for example, any streaming multimedia content. In addition to the agreements above, the parties agree data from these sources could contain relevant information but under the proportionality factors, should not be preserved.

c) Within 20 days of service of amended infringement contentions, each party shall identify five (5) custodians most likely to have discoverable information in its possession, custody or control, from the most likely to the least likely ("the List"). The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information. Each party shall simultaneously provide, to the extent existing, organizational charts identifying the principal employees tasked with development, sales, marketing, and management of financial data with respect to either, as applicable, patented technology or accused products. Within 60

1  days of service of amended infringement contentions, each party shall identify five (5) additional
2  custodians likely to have discoverable information to add to the List. The parties may also
3  identify non-custodial sources likely to have discoverable information. The parties shall meet and
4  confer if they wish to de-designate or substitute any identified custodians.

5  **5. SEARCH**

6  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if
7  appropriate, a party requesting ESI need not identify specific sources to be searched, but to the
8  extent it requests that the producing party search specific custodial ESI or sources, it shall identify
9  the custodians and sources, along with a brief explanation of their relationship to the case. The
10  producing party shall have an opportunity to counter-propose custodians or sources. The parties
11  shall meet and confer to agree on a list of custodial and corporate sources to be searched.

12  **6. PRODUCTION FORMATS**

13  The parties agree to produce ESI and non-ESI to the requesting party as text searchable
14  image files in PDF or TIFF format with suitable files for loading images onto standard database
15  programs. The only ESI that will be produced in native format are files not easily converted to
16  PDF or TIFF format, such as Excel and database files. The parties agree not to degrade the
17  searchability of ESI as part of the document production process. The parties further agree to
18  produce color versions of ESI only if color is necessary for understanding the information
19  presented therein.

20  **7. METADATA FIELDS**

21  In collecting ESI for production, the parties shall preserve for production, and shall not
22  remove or degrade, the following metadata fields, to the extent such fields are contained in or
23  associated with ESI unless modification is necessary to deal with path and name character length
24  restrictions. For general ESI, parties shall preserve: Custodian, Author (to the extent it exists),
25  Title (to the extent it exists), File Path, Filename, and File Extension. Email productions shall
26  contain: From, To, CC, BCC, Email Subject, Date Sent/Received, Folder Name, Message ID,
27  Time Sent/Received, and listing of Attachment(s). All produced ESI shall indicate the Control
28

Number Begin and End (also known as "Bates numbers"), Attachment Begin, and Attachment End (or the equivalent thereof).

**8.     E-MAIL**

Email production requests shall only be propounded for specific issues, rather than general discovery of a product of business. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

a)     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email product requests.

b)     E-mail production requests shall identify specific custodians from the List. After disclosure of documents required under the Patent Rules, the parties will negotiate reasonable limits to the number of custodians for whom email production is requested.

c)     E-mail production requests need not initially identify proposed search terms. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than twenty (20) additional search terms to be used in connection with the electronic search. In the alternative, the requesting party may initially propose up to twenty (20) search terms with its e-mail production requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested additional search terms, upon showing a distinct need based on the size, complexity, and issues of this specific case.

d)     Search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system," "computer" w/x "system," "computer" but not "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search and thus each word or phrase shall count as a separate search term unless

they are variations of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the producing party may decline to respond or request that the producing party bear all costs caused by such additional discovery.

e) If a producing party determines, either upon receipt or thereafter, that one or more proposed search terms results or will likely result in an unduly burdensome quantity of excessive or irrelevant information ("false hits"), the producing party shall promptly contact the requesting party to request a reassessment of the proposed search term(s), and the parties shall meet and confer in good faith to attempt to resolve such dispute.

**9. DOCUMENTS PROTECTED FROM DISCOVERY**

Pursuant to Fed. R. Evid. 502(d), the production of documents exempt from production under any applicable privilege or doctrine, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

In the event of inadvertent disclosure, the receiving party shall not use the content of ESI that the producing party asserts is protected by any applicable privilege or doctrine, or the fact of inadvertent production, to challenge the protection asserted. Further, the receiving party shall immediately return or confirm in writing that it has destroyed all information that contains privileged matter or work product that appears on its face to have been inadvertently produced or, if notice is provided, within fifteen (15) calendar days of the date of the notice.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate. For example, individual email communications that are

part of the same email string (i.e. have the same Subject line) would constitute a category, thus it would be appropriate to identify such on a privilege log as one entry.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 9, 2013                  /s/ *Francisco A. Villegas*
                                    Francisco A. Villegas
                                    Counsel for Plaintiff
                                    EMBLAZE LTD.

                                    Alexandra Wald
                                    awald@cohengresser.com
                                    Francisco A. Villegas
                                    fvillegas@cohengresser.com
                                    Damir Cefo
                                    dcefo@cohengresser.com
                                    COHEN & GRESSER LLP
                                    800 Third Avenue, 21st Floor
                                    New York, New York 10022
                                    Phone: (212) 957-7600
                                    Facsimile: (212) 957-4514

Dated: May 9, 2013                  /s/ *Eric L. Wesenberg*
                                    Eric L. Wesenberg
                                    Counsel for Defendant
                                    MICROSOFT CORPORATION

                                    Eric L. Wesenberg
                                    ewesenberg@perkinscoie.com
                                    Christopher L. Kelley
                                    ckelley@perkinscoie.com
                                    Kenneth J. Halpern
                                    khalpern@perkinscoie.com
                                    PERKINS COIE LLP
                                    3150 Porter Drive
                                    Palo Alto, CA 94304-1212
                                    Telephone: 650.838.4300
                                    Facsimile: 650.838.4350

/ / /

/ / /

/ / /

/ / /

1     **IT IS ORDERED** that the forgoing Agreement is approved.

2

3 Dated: _____

4                            UNITED STATES DISTRICT/MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28