**FILED**

MAY 1 3 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBLAZE LTD., | Case No. 3:12-cv-5422-JST |
| Plaintiff, | STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

1.   **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case

as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

Discovery of Electronically Stored Information, and any other applicable orders and rules.

2.   **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to

cooperate in good faith throughout the matter consistent with this Court's Guidelines for the

Discovery of ESI.

3.   **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable

about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or

have access to those who are, knowledgeable about the technical aspects of e-discovery, including

LEGAL26673983.1

STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFO
CASE NO. 3:12-cv-5422-JST

1   the location, nature, accessibility, format, collection, search methodologies, and production of ESI

2   in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help

3   resolve disputes without court intervention.

4       **4.    PRESERVATION**

5       The parties have discussed their preservation obligations and needs and agree that

6   preservation of potentially relevant ESI will be reasonable and proportionate.  A party has a

7   common law obligation to take reasonable and proportional steps to preserve discoverable

8   information in the party's possession, custody or control.  To reduce the costs and burdens of

9   preservation and to ensure proper ESI is preserved, the parties agree that:

10      a)      Absent a showing of good cause by the requesting party, the parties shall not be

11  required to modify, on a going-forward basis, the procedures used by them in the ordinary course

12  of business to back up and archive data; provided, however, that the parties shall preserve the

13  non-duplicative discoverable information currently in their possession, custody or control.

14      b)      Among the sources of data the parties agree are not reasonably accessible, the

15  parties agree not to preserve the following: backup media, digital voicemail, instant messages that

16  are not ordinarily printed or maintained in a server dedicated to instant messaging, automatically

17  saved versions of documents, product test data and test results, and user or application data

18  associated with use of any software product or prototype including, for example, any streaming

19  multimedia content.   In addition to the agreements above, the parties agree data from these

20  sources could contain relevant information but under the proportionality factors, should not be

21  preserved.

22      c)      Within 20 days of service of amended infringement contentions, each party shall

23  identify five (5) custodians most likely to have discoverable information in its possession,

24  custody or control, from the most likely to the least likely ("the List"). The custodians shall be

25  identified by name, title, role in the instant dispute, and the subject matter of the information.

26  Each party shall simultaneously provide, to the extent existing, organizational charts identifying

27  the principal employees tasked with development, sales, marketing, and management of financial

28  data with respect to either, as applicable, patented technology or accused products.  Within 60

1   days of service of amended infringement contentions, each party shall identify five (5) additional

2   custodians likely to have discoverable information to add to the List.  The parties may also

3   identify non-custodial sources likely to have discoverable information.  The parties shall meet and

4   confer if they wish to de-designate or substitute any identified custodians.

5       **5.    SEARCH**

6       The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if

7   appropriate,  a party requesting ESI need not identify specific sources to be searched, but to the

8   extent it requests that the producing party search specific custodial ESI or sources, it shall identify

9   the custodians and sources, along with a brief explanation of their relationship to the case.  The

10  producing party shall have an opportunity to counter-propose custodians or sources.  The parties

11  shall meet and confer to agree on a list of custodial and corporate sources to be searched.

12      **6.    PRODUCTION FORMATS**

13      The parties agree to produce ESI and non-ESI to the requesting party as text searchable

14  image files in PDF or TIFF format with suitable files for loading images onto standard database

15  programs.  The only ESI that will be produced in native format are files not easily converted to

16  PDF or TIFF format, such as Excel and database files.  The parties agree not to degrade the

17  searchability of ESI as part of the document production process.  The parties further agree to

18  produce color versions of ESI only if color is necessary for understanding the information

19  presented therein.

20      **7.    METADATA FIELDS**

21      In collecting ESI for production, the parties shall preserve for production, and shall not

22  remove or degrade, the following metadata fields, to the extent such fields are contained in or

23  associated with ESI unless modification is necessary to deal with path and name character length

24  restrictions.  For general ESI, parties shall preserve: Custodian, Author (to the extent it exists),

25  Title (to the extent it exists), File Path, Filename, and File Extension.  Email productions shall

26  contain: From, To, CC, BCC, Email Subject, Date Sent/Received, Folder Name, Message ID,

27  Time Sent/Received, and listing of Attachment(s).  All produced ESI shall indicate the Control

28

1    Number Begin and End (also known as "Bates numbers"), Attachment Begin, and Attachment

2    End (or the equivalent thereof).

3       **8.**    **E-MAIL**

4        Email production requests shall only be propounded for specific issues, rather than general

5    discovery of a product of business. Email production requests shall be phased to occur after the

6    parties have exchanged initial disclosures and basic documentation about the patents, the prior art,

7    the accused instrumentalities, and the relevant finances.

8       a)    General ESI production requests under Federal Rules of Civil Procedure 34 and 45

9    shall not include email or other forms of electronic correspondence (collectively "email"). To

10    obtain email, parties must propound specific email product requests.

11       b)    E-mail production requests shall identify specific custodians from the List. After

12    disclosure of documents required under the Patent Rules, the parties will negotiate reasonable

13    limits to the number of custodians for whom email production is requested.

14       c)    E-mail production requests need not initially identify proposed search terms. If the

15    producing party elects to use search terms to locate potentially responsive ESI, it shall disclose

16    the search terms to the requesting party. Absent a showing of good cause, a requesting party may

17    request no more than twenty (20) additional search terms to be used in connection with the

18    electronic search. In the alternative, the requesting party may initially propose up to twenty (20)

19    search terms with its e-mail production requests. The parties may jointly agree to modify this

20    limit without the Court's leave. The Court shall consider contested additional search terms, upon

21    showing a distinct need based on the size, complexity, and issues of this specific case.

22       d)    Search terms shall be narrowly tailored to particular issues. Indiscriminate terms,

23    such as the producing company's name or its product name, are inappropriate unless combined

24    with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive

25    combination of multiple words or phrases (e.g., "computer" and "system," "computer" w/x

26    "system," "computer" but not "system") narrows the search and shall count as a single search

27    term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system")

28    broadens the search and thus each word or phrase shall count as a separate search term unless

   STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFO
CASE NO. 3:12-cv-5422-JST

1   they are variations of the same word. Use of narrowing search criteria (e.g., "and," "but not,"

2   "w/x") is encouraged to limit the production and shall be considered when determining whether

3   to shift costs for disproportionate discovery. Should a party serve email production requests with

4   search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this

5   paragraph, the producing party may decline to respond or request that the producing party bear all

6   costs caused by such additional discovery.

7          e)      If a producing party determines, either upon receipt or thereafter, that one or more

8   proposed search terms results or will likely result in an unduly burdensome quantity of excessive

9   or irrelevant information ("false hits"), the producing party shall promptly contact the requesting

10   party to request a reassessment of the proposed search term(s), and the parties shall meet and

11   confer in good faith to attempt to resolve such dispute.

12          **9.**     **DOCUMENTS PROTECTED FROM DISCOVERY**

13          Pursuant to Fed. R. Evid. 502(d), the production of documents exempt from production

14   under any applicable privilege or doctrine, whether inadvertent or otherwise, is not a waiver of

15   privilege or protection from discovery in this case or in any other federal or state proceeding. For

16   example, the mere production of privileged or work-product-protected documents in this case as

17   part of a mass production is not itself a waiver in this case or in any other federal or state

18   proceeding.

19          In the event of inadvertent disclosure, the receiving party shall not use the content of ESI

20   that the producing party asserts is protected by any applicable privilege or doctrine, or the fact of

21   inadvertent production, to challenge the protection asserted.  Further, the receiving party shall

22   immediately return or confirm in writing that it has destroyed all information that contains

23   privileged matter or work product that appears on its face to have been inadvertently produced or,

24   if notice is provided, within fifteen (15) calendar days of the date of the notice.

25          Communications involving trial counsel that post-date the filing of the complaint need not

26   be placed on a privilege log. Communications may be identified on a privilege log by category,

27   rather than individually, if appropriate. For example, individual email communications that are

28

1    part of the same email string (i.e. have the same Subject line) would constitute a category, thus it

2    would be appropriate to identify such on a privilege log as one entry.

3    **10. MODIFICATION**

4       This Stipulated Order may be modified by a Stipulated Order of the parties or by the

5    Court for good cause shown.

6       **IT IS SO STIPULATED**, through Counsel of Record.

7    Dated: May 9, 2013           _/s/ Francisco A. Villegas_

8                          Francisco A. Villegas
Counsel for Plaintiff

9                          EMBLAZE LTD.

10                          Alexandra Wald
awald@cohengresser.com

11                          Francisco A. Villegas
fvillegas@cohengresser.com

12                          Damir Cefo
dcefo@cohengresser.com

13                          COHEN & GRESSER LLP
800 Third Avenue, 21st Floor

14                          New York, New York 10022
Phone: (212) 957-7600

15                          Facsimile: (212) 957-4514

16    Dated: May 9, 2013           _/s/ Eric L. Wesenberg_

17                          Eric L. Wesenberg
Counsel for Defendant
MICROSOFT CORPORATION

18

19                          Eric L. Wesenberg
ewesenberg@perkinscoie.com

20                          Christopher L. Kelley
ckelley@perkinscoie.com

21                          Kenneth J. Halpern
khalpern@perkinscoie.com

22                          PERKINS COIE LLP
3150 Porter Drive

23                          Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

24    ///

25    ///

26    ///

27    ///

28

1       **IT IS ORDERED** that the forgoing Agreement is approved.

2

3   Dated: May 13, 2013                                                     

4                       UNITED STATES DISTRICT MAGISTRATE JUDGE

LEGAL26673983.1

STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFO
CASE NO. 3:12-cv-5422-JST