1  Eric L. Wesenberg (SBN 139696)
   EWesenberg@perkinscoie.com
2  Christopher L. Kelley (SBN 166608)
   CKelley@perkinscoie.com
3  Kenneth J. Halpern (SBN 187663)
   KHalpern@perkinscoie.com
4  PERKINS COIE LLP
   3150 Porter Drive
5  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
6  Facsimile: 650.838.4350

7  Antoine McNamara (SBN 261980)
   AMcNamara@perkinscoie.com
8  PERKINS COIE LLP
   1201 Third Avenue, Suite 4800
9  Seattle, WA 98101-3099
   Telephone: 206.359.8000
10 Facsimile: 206.359.9000

11 Isabella E. Fu (SBN 154677)
   Associate General Counsel
12 Microsoft Corporation
   One Microsoft Way
13 Redmond, WA 98052
   Telephone: 425.882.8080
14 Facsimile: 425.936.7329

15 *Counsel for Defendant*
   *Microsoft Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMBLAZE LTD,<br><br>        Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Case No. 3:12-cv-05422-JST<br><br>**MICROSOFT CORPORATION'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION STATEMENT**<br><br>Date: May 8, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

| | |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on May 8, 2014 at 2:00 p.m., or as soon thereafter as the |
| 4 | matter may be heard by the Honorable Jon S. Tigar in Courtroom 9, San Francisco Courthouse, |
| 5 | 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Microsoft Corporation |
| 6 | ("Microsoft") will move for leave to file the attached Supplement Claim Construction Statement |
| 7 | based on transcripts of inventor deposition testimony that were not produced to Microsoft until |
| 8 | after Claim Construction briefing was complete. This motion is supported by the declaration of |
| 9 | Christopher L. Kelley ("Kelley Decl.") and the exhibits attached thereto. |
| 10 | **RELIEF REQUESTED** |
| 11 | Microsoft seeks leave of the Court to file the attached Supplemental Claim Construction |
| 12 | Statement based on transcripts of inventor deposition testimony that address a dispositive claim |
| 13 | construction issue in this case and that, despite a timely discovery request directly on point, were |
| 14 | not produced to Microsoft until after Claim Construction briefing was complete. |
| 15 | **INTRODUCTION** |
| 16 | The evidence presented in Microsoft's proposed Supplemental Claim Construction |
| 17 | Statement ("Supplement") (Kelley Decl., Ex. A) consists entirely of sworn testimony by Sharon |
| 18 | Carmel, the first named inventor on Emblaze's asserted U.S. Patent No. 6,389,473 ("the '473 |
| 19 | patent") and Emblaze's co-founder and lead technologist at the time of the invention. Mr. |
| 20 | Carmel's testimony (Kelley Decl., Exs. B and C) was taken in a related case involving the same |
| 21 | patent, *Emblaze v. Apple*, 5:11-cv-01079-PSG, and it addresses a dispositive claim construction |
| 22 | issue in the present case — the meaning of the term "file." Mr. Carmel's deposition testimony |
| 23 | demonstrates that Emblaze's proposed construction of "file" is incompatible with the primary |
| 24 | objective of the claimed invention and would obviate a key distinction between the invention and |
| 25 | the prior art. These transcripts of Mr. Carmel's depositions were not produced to Microsoft until |
| 26 | after it had filed its Claim Construction brief, so they could not have been addressed therein. |
| 27 | Accordingly, Microsoft asks the Court for leave to file the proposed Supplement and for |
| 28 | Mr. Carmel's testimony to be considered along with the arguments already briefed. |

## STATEMENT OF FACTS

Under the schedule adopted by the Court in the Parties' Second Joint Case Management Statement, Plaintiff's opening claim construction brief was due September 12, 2013; Microsoft's responsive claim construction brief was due September 25, 2013; and Plaintiff's reply brief was due October 2, 2013 (Dkt. No. 34, at 8). In accordance with that schedule, the parties' claim construction briefs were filed on each of those deadlines. (*See* Dkt. Nos. 52, 53, 54.).

On June 11, 2013, more than six weeks before the close of claim construction discovery under the Court's schedule, Microsoft propounded its first set of Requests for Production upon Emblaze, including a request for "[d]ocuments produced, *deposition transcripts*, and written discovery related to Plaintiff from any lawsuit alleging patent infringement in which Plaintiff, or any entity or person relating to Plaintiff, was a party, and which related to video streaming or compression." (Kelley Decl., Ex. D, at 14:13–15.) Microsoft indicated that the request "shall be deemed continuing to the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure." *Id.* at 8:3–6.

Sharon Carmel, named inventor on the '473 patent and Emblaze's co-founder and lead technologist at the time of the invention, was deposed twice in the related *Emblaze v. Apple* case — first on July 23, 2013, and then again on October 24, 2013. As described in Microsoft's proposed Supplemental Claim Construction Statement, Mr. Carmel's testimony in these depositions addresses an issue central to the case — the meaning of the claim term "file" and the use and purpose of "files" in the claimed invention. Yet despite Microsoft's continuing discovery request directly on point, Emblaze did not produce the transcripts from the depositions until October 18, 2013, and March 12, 2014, respectively. As a result, Microsoft did not have an opportunity to review either transcript until long after it had filed its claim construction brief on September 25, 2013.

The Claim Construction Hearing is currently set for June 11, 2014. (Dkt. No. 62.)

## ARGUMENT

As described in Microsoft's proposed Supplemental Claim Construction Statement, Mr. Carmel's testimony is highly relevant to the construction of a key term in dispute: "file." The

parties disagree about whether, as Microsoft contends, the claim term "file" should be understood to refer to separately named files stored in directories on a file system, as that term is normally understood, or whether, as Emblaze argues, the term should be construed so broadly as to apply to any fragment of data within a larger file. As described in the "Impact Statement" in Microsoft's Claim Construction brief, the construction of "file" could be case dispositive. Mr. Carmel's testimony confirms that the inventors of the '473 patent used the term "file" in the sense proposed by Microsoft and, moreover, it demonstrates that the use of "file" in that sense was necessary to achieve the primary objective of the invention — real-time multimedia streaming using only standard network server software. Mr. Carmel's testimony demonstrates that Emblaze's broad proposed construction of "file" would undermine the invention's primary objective, and it should be considered along with the arguments already briefed for and against the proposed constructions. "Ultimately, the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim." *Philips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005) (*en banc*).

The evidence presented in Microsoft's proposed Supplemental Claim Construction Statement was not made available to Microsoft until after its claim construction brief was filed. Mr. Carmel's deposition transcripts fall squarely within Microsoft's timely discovery request for "deposition transcripts . . . related to Plaintiff from any lawsuit alleging patent infringement in which Plaintiff . . . was a party, and which related to video streaming or compression." (Kelley Decl., Ex. D, at 14:13–15.) Nonetheless, Emblaze did not produce either of these transcripts until well after Microsoft had filed its claim construction brief. Indeed, Emblaze did not produce the second Carmel deposition transcript until earlier this month. Further, Emblaze designated these transcripts "Confidential — Attorneys' Eyes Only," so Microsoft could not obtain them from any other source. The failure to produce these transcripts in a timely manner lies squarely on the shoulders of Emblaze.

Granting leave to file the proposed Supplemental Claim Construction Statement will not prejudice Emblaze in any way, as the Claim Construction hearing in this case is still more than two months away.

# CONCLUSION

The evidence presented in Microsoft's proposed Supplement is highly relevant, was not available to Microsoft until after claim construction briefing was complete, and would not unfairly prejudice Emblaze. Accordingly, the Court should grant Microsoft leave to file its proposed Supplemental Claim Construction Statement.

DATED: March 24, 2014     PERKINS COIE LLP

By:  */s/ Christopher L. Kelley*
Christopher L. Kelley

*Counsel for Defendant
Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/EMF registrants for this case.

              */s/ Christopher L. Kelley*