UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBLAZE LTD., <br> Plaintiff, <br> v. <br> MICROSOFT CORPORATION, <br> Defendant. | Case No. 12-cv-05422-JST <br><br> **ORDER DENYING MOTION TO DISQUALIFY COUNSEL** <br> Re: ECF No. 66 |

In this action for patent infringement, Defendant Microsoft moves to disqualify the law firm of Cohen & Gresser LLP ("C&G") as counsel for Plaintiff Emblaze. Emblaze opposes the motion. For the reasons set forth below, the motion is DENIED.

I. **BACKGROUND**

The present dispute arises out of the co-counsel relationship between Cohen & Gresser LLP ("C&G"), which currently represents Emblaze in this case, and Cozen O'Connor ("Cozen"), which currently represents Microsoft in an unrelated tax matter. Fu Decl. ¶¶ 1-2. Microsoft contends (and the parties do not dispute) that Cozen violated its duty of loyalty to Microsoft as a result of the brief appearance of Cozen attorney Martin Pavane on behalf of Emblaze in this action. Pavane voluntarily withdrew when Microsoft brought this violation to the attention of Cozen and C&G. Microsoft now seeks to disqualify C&G on the ground that C&G participated in Cozen's breach.

Pavane is the former managing partner of Cohen Pontani Lieberman & Pavane ("Cohen Pontani"), a firm that is now defunct. Pavane has been a partner at Cozen since July 2011. From early 2010 to June 2011, Pavane represented Emblaze in negotiations with Microsoft in connection with Emblaze's patent infringement allegations against Microsoft, which eventually

led to the filing of this action. Sullivan Decl. ¶ 2. On June 27, 2011, Pavane and other lawyers at Cohen Pontani called off the negotiations with Microsoft. Sullivan Decl., Ex. E. A few days later, on July 1, 2011, Cohen Pontani dissolved and several of its attorneys, including Pavane, joined Cozen. Wasenberg Decl., Ex. B.

Cozen and Davis Wright Tremaine ("Davis") became counsel for Emblaze in an unrelated patent infringement action involving the same patent at issue in this case in August 2011. See Emblaze v. Apple, Case No. 5:11-cv-01079-PSG ("the Apple case"). Microsoft contends that these firms have taken "legal positions adverse to Microsoft's interests" in that case. Mot. at 4. For example, the firms have advanced claim construction positions that Microsoft claims are unimportant to the infringement dispute in the Apple case but are central to the infringement dispute in this case. Microsoft implies that Cozen violated its duty of loyalty to Microsoft by virtue of its litigation conduct in the Apple case. Notably, however, Microsoft has never moved to disqualify Cozen in that action.

Emblaze filed this action on October 19, 2012. Emblaze has been represented by C&G and Rimon PC throughout the litigation. Pavane appeared on behalf of Emblaze in this action in December 2013 to participate in the upcoming claim construction hearing, which Microsoft contends violated Pavane's and Cozen's duty of loyalty to Microsoft. Pavane Decl. ¶ 9. On March 3, 2014, counsel for Microsoft advised C&G that Cozen had a conflict. Wald Decl. ¶ 5. That same day, C&G relayed Microsoft's message to Pavane, who later learned that his failure to discover this conflict earlier was the result of a "clerical error."[1] Id. ¶ 6; Bromberg Decl. ¶ 12; Pavane Decl. ¶¶ 8, 10, 11. On March 7, 2014, Cozen withdrew as counsel of record in this case. Wald Decl. ¶ 7; Pavane Decl. ¶ 12. Since March 3, 2014, C&G has not communicated with Cozen, aside from confirming the existence of the conflict. Bromberg Decl. ¶ 14; Wald Decl. ¶ 8; Cefo Decl. ¶ 8; Villegas Decl. ¶ 8; Hanson Decl. ¶ 8. No Cozen lawyer has ever provided any

---

[1] Microsoft doubts the credibility of Pavane's assertion that his failure to discover the conflict was due to a clerical error, and suggests that Pavane was, in fact, aware of the conflict. The court does will not resolve this question here, however, because the result of this motion would be the same under either scenario.

2

confidential Microsoft information to C&G. Bromberg Decl. ¶ 4; Wald Decl. ¶ 2; Cefo Decl. ¶ 9; Villegas Decl. ¶ 9; Hanson Decl. ¶ 9; Pavane Decl. ¶ 13.[2]

After raising the fact of Cozen's conflict of interest, Microsoft demanded that Davis also withdraw as counsel for Emblaze in the Apple case in light of Davis' prior representation of Microsoft in unrelated matters. Davis acquiesced. Shani Decl. ¶ 31.

## II. LEGAL STANDARD

Motions for disqualification are governed by state law. In re Cnty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000). Because of the potential for abuse, motions for disqualification are subject to strict judicial scrutiny. Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd., 760 F.2d 1045, 1049 (9th Cir. 1985); see also Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) ("Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary."). The party seeking disqualification bears the burden of establishing the existence of a disqualifying conflict of interest by a preponderance of the evidence. H.F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1452 (1999).

## III. DISCUSSION

Under California law, attorneys owe current clients a duty of undivided loyalty. Flatt v. Superior Court, 9 Cal.4th 275, 284 (1994). When a law firm simultaneously represents clients who have conflicting interests, with few exceptions, "disqualification follows automatically, regardless of whether the simultaneous representations have anything in common or present any risk that confidences obtained in one matter would be used in the other." SpeeDee Oil Change Sys., Inc., 20 Cal. 4th 1135, 1147 (Cal. 1999). This prohibition against simultaneous representations extends to all members of the firm. See Raley Co. v. Superior Court, 149 Cal. App. 3d 1042, 1048-49 (1983). A lawyer may simultaneously represent clients with conflicting interests, however, if the clients give their written and informed consent. Klemm v. Superior Court, 75 Cal. App. 3d 893, 900–02 (1977).

---

[2] Microsoft does not contend that C&G received any confidential information from the Cozen firm, or that Cozen breached the duty of confidentiality.

Here, no party disputes that Pavane of Cozen appeared in this action on behalf of Emblaze without Microsoft's written consent or that Cozen currently represents Microsoft in an unrelated tax matter. As such, it is undisputed that Cozen breached its duty of loyalty to Microsoft by virtue of Pavane's appearance and that the Cozen would be subject to disqualification if it was still involved in this case. Because Cozen is no longer representing Emblaze, however, the issue presented by Microsoft's motion is whether C&G should be disqualified because of Cozen's breach.

Microsoft argues that C&G's disqualification is required because Pavane and others at Cozen "were the architects" of Emblaze's case against Microsoft and because C&G has communicated with Cozen throughout this litigation. C&G, on the other hand, argues that its disqualification is unwarranted because there is no evidence showing that it knew of Cozen's conflict and intentionally aided and abetted Cozen in its breach.

The Court concludes that Microsoft has not met its burden to show that disqualification of C&G is warranted.

Microsoft relies primarily on Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225, 233 (2d Cir. 1977), to argue that C&G must be disqualified. There, the court disqualified a law firm ("the disqualified firm") for having "aided and abetted" another law firm's ("the conflicted firm") breach of its duty of loyalty to a client ("the client"). The court relied on the following facts in finding that disqualification was warranted: (1) the conflicted firm conducted an investigation that ultimately led to the filing of an action against the client; (2) the conflicted firm, in recognition of its conflict, opted not to pursue the action against its client but was "instrumental in the choice of" the disqualified firm as counsel for the client's adversary and "was helpful" to the disqualified firm "in advancing the suit" against the client; and (3) the disqualified firm became involved in the action against the client while "knowing" of the conflicted law firm's breach of its duty of loyalty.[3] Id. at 234.

---

[3] The court in Funds of Funds identified another independent ground for disqualification, namely one based on the duty of confidentiality. See 567 F.2d at 233, 235. As previously noted, no breach of the duty of confidentiality is at issue here.

4

1	The facts in this case are distinguishable. Here, there is no evidence that Cozen was
2	"instrumental" to the filing of this action or in securing C&G's involvement as counsel for
3	Emblaze. More importantly, there is no evidence that C&G was aware that Cozen had an
4	attorney-client relationship with Microsoft before C&G became involved in this case. To the
5	contrary, the record shows that C&G had no knowledge of Cozen's conflict until March 3, 2014,
6	when Microsoft raised the issue. Wald Decl. ¶ 3; Villegas Decl. ¶ 7; Cefo Decl. ¶ 7; Hanson Decl.
7	¶ 7; Bromberg Decl. ¶¶ 10, 11. The record also shows that C&G filed this action after conducting
8	its own pre-suit inquiry and that no Cozen lawyer has ever provided any confidential Microsoft
9	information to C&G. Bromberg Decl. ¶ 4; Wald Decl. ¶ 2; Cefo Decl. ¶¶ 2, 4, 9; Villegas Decl. ¶
10	9; Hanson Decl. ¶¶ 4, 9; Pavane Decl. ¶ 13. Thus, the "aiding and abetting" that led to
11	disqualification in Fund of Funds is simply not present in this case.

12	Microsoft also relies on In re California Canners & Growers, 74 B.R. 336, 348 (Bankr.
13	N.D. Cal. 1987). There, the court disqualified two lawyers ("the disqualified lawyers") on the
14	ground that "they participated *substantially* and *knowingly*" in their co-counsel's ("the conflicted
15	firm") breach of the duty of loyalty. Id. at 348 (emphasis added). Relying on Fund of Funds, the
16	court held that disqualification was appropriate based on the following facts: (1) the conflicted
17	firm knowingly engaged in acts adverse to the interests of its client and the disqualified lawyers
18	were "well aware" of this conduct from the outset of the representation at issue; (2) the
19	disqualified lawyers were hired by the conflicted firm and stood to benefit financially from the
20	conflicted firm's breach; (3) the relationship between the disqualified lawyers and the conflicted
21	firm was "substantial"; and (4) the disqualified lawyers continued to appear as co-counsel to the
22	conflicted firm even after the conflicted firm became the subject of a motion to disqualify. Id. at
23	348-49.

24	Like Fund of Funds, California Canners also requires, among other things, that the firm
25	subject to disqualification have knowledge of the other firm's conflict that predates the
26	representation at issue. As such, this case also is distinguishable, because no evidence to show
27	knowledge has been presented here.

28	Microsoft argues that knowledge of Cozen's conflict is not a requirement for

5

disqualification, but the cases upon which Microsoft relies to support this contention are inapposite, because they involve motions for disqualification brought in the context of successive, as opposed to simultaneous, representations. See, e.g., j2 Global Commc'ns Inc. v. Captaris Inc., Case No. 09-cv-04150, 2012 WL 6618272 (C.D. Cal. Dec. 19, 2012). The difference in context is crucial, because the applicable standard for disqualification depends on whether the representations at issue are simultaneous or successive.[4] See Flatt, 9 Cal. 4th at 284 ("Both the interest implicated and the governing test are different, however, where an attorney's potentially conflicting representations are simultaneous" as opposed to successive). In the former situations, like here, the standard is governed by need to uphold the duty of loyalty; in the latter situations, the standard is governed by the need to uphold the duty of confidentiality, which "often is not implicated by the simultaneous representation of clients in unrelated matters." Id.

Microsoft also urges the court to adopt the following burden-shifting analysis: a rebuttable presumption of disqualification would be established if Microsoft demonstrates that there were substantive conversations between Cozen and C&G, and if this presumption is established, then the burden would shift to C&G to demonstrate that the substance of the privileged communications does not merit disqualification. The cases that Microsoft cites in favor of adopting this approach involve breaches of the duty of confidentiality as opposed to the breach of the duty of loyalty and therefore are inapposite. See In re American Home Products Corp., 985 S.W.2d 68, 81 (Tex. 1998); Gonzalez v. Cent. Elec. Co-op, Inc., Case No. 08-cv-6236-HO, 2009 WL 3415235 (D. Or. Oct. 15, 2009). Microsoft points to no authority establishing that this burden-shifting analysis is appropriate in the context of a breach of the duty of loyalty.

---

[4] "Where the potential conflict is one that arises from the successive representation of clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client confidentiality. Thus, where a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a 'substantial relationship' between the subjects of the antecedent and current representations." Flatt, 9 Cal. 4th at 283 (citation omitted). By contrast, "[t]he primary value at stake in cases of simultaneous or dual representation is the attorney's duty—and the client's legitimate expectation—of loyalty, rather than confidentiality." Id. at 284.

Accordingly, the court declines to adopt this scheme.

Finally, the court finds that Microsoft's reliance on Pavane's negotiations with Microsoft prior to the filing of this action is irrelevant to the resolution of the motion to disqualify C&G, because such negotiations took place before Pavane joined Cozen. Likewise, the claim construction positions that Emblaze took in the Apple case also are irrelevant. At best, these allegations could possibly serve to support a motion to disqualify Cozen from representing Emblaze in the Apple case on the ground that Cozen adopted positions adverse to Microsoft, its client. This court would not be the appropriate venue for such a motion, however.

## IV. CONCLUSION

Microsoft's motion to disqualify C&G is DENIED.

**IT IS SO ORDERED.**

Dated: May 30, 2014

_____
JON S. TIGAR
United States District Judge