UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMBLAZE LTD.,<br>            Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br>            Defendant. | Case No.  12-cv-05422-JST<br><br>**ORDER DENYING REQUEST TO LIMIT PARTICIPATION OF EMBLAZE'S EXPERT**<br><br>Re: ECF No. 89 |

On June 16, 2014, the parties filed a letter brief outlining their dispute regarding Microsoft's refusal to permit Emblaze's expert, Dr. Vijay Madisetti, to access materials that Microsoft has designated as highly confidential under the district's model protective order for patent cases.  ECF No. 89.

In the brief, Microsoft attempts to justify its position by arguing that the Cozen O'Connor law firm ("Cozen"), which represents Emblaze in Emblaze v. Apple, Case. No. 11-cv-01079 (N.D. Cal.) ("the Apple case"), "has worked extensively with Dr. Madisetti" in connection with that case.  This is problematic, in Microsoft's view, because Cozen represents Microsoft in an unrelated tax matter in Pennsylvania.  Microsoft contends that permitting Dr. Madisetti to access the materials in this case without any limitations "would create an effective collaboration" between Cozen and Cohen & Gresser ("C&G"), counsel for Emblaze in this case, which Microsoft argues would be improper in light of the "law governing knowing collaboration with disloyal attorneys."  Id. at 6-7 (citing Fund of Funds v. Arthur Andersen & Co., 567 F.2d 225, 232 (2d Cir. 1977)).

Microsoft has offered to permit Dr. Madisetti to work with C&G in this case only if: (1) Dr. Madisetti agrees in writing not to discuss his work with Cozen; (2) C&G does not use any of the work or testimony of Dr. Madisetti from the Apple case; (3) no information is given by

Emblaze or Dr. Masetti to C&G about "discussions with Cozen"; and (4) no Microsoft confidential information is shared with anyone who interacts with Cozen, other than Dr. Madisetti. Id. at 6. Microsoft contends that these restrictions are appropriate because counsel for Emblaze voluntarily agreed not to have any discussions with Cozen, and C&G has not shown that this self-imposed wall should not also apply to Dr. Madisetti. Microsoft contends that it is not seeking to disqualify Dr. Madisetti, but only to limit C&G's use in this case of Cozen's work in the Apple case.

Emblaze responds that Microsoft's original reason for seeking to limit Dr. Madisetti's access to confidential documents was the motion to disqualify C&G from representing Emblaze in this case, which the court recently denied. Now that the motion is no longer at issue, Emblaze contends that there is no reason for Microsoft to doubt the good faith of C&G or Dr. Madisetti. Emblaze also notes that Microsoft has never moved to disqualify Dr. Madisetti as an expert by virtue of Cozen's representation of Emblaze in the Apple case. Finally, Emblaze argues that there is no reason to interfere with Dr. Madisetti in this case merely because Emblaze is represented by Cozen in the Apple case, which involves a different defendant and different products.

The court concludes that there is no basis to impose the limitations on Dr. Madisetti's participation that Microsoft requests. First, the motion to disqualify C&G was denied, so neither the making of that motion nor the arguments made in support of it provide any basis for limiting Dr. Madisetti's participation. Second, the only authority upon which Microsoft relies to support its position is Fund of Funds, which deals exclusively with an attorney's breach of the duty of loyalty to a client. Microsoft has not cited any authority that stretches Fund of Funds so far as to disqualify or limit an expert witness in an unrelated case, and the court has already determined that Fund of Funds is inapposite to the facts presented in this case.

Third, C&G's decision to wall itself from any communications with Cozen was completely voluntary. Microsoft points to no authority showing that this self-imposed ethical wall also must be applied to Dr. Madisetti.

Finally, the court finds that the terms of the protective order governing the documents at issue are sufficient to protect Microsoft's interests.

2

1   Accordingly, Microsoft's request to impose limits on the participation of Dr. Madisetti in
2   this case is DENIED.
3   **IT IS SO ORDERED.**
4   Dated:  June 25, 2014

_____
JON S. TIGAR
United States District Judge